Thomas Dickens, J.
Motion 204 of March 18,1970 and motion 234 of March 20, 1970 are hereby consolidated and. determined as indicated below.
Plaintiff, the Board of Education of the City of New York, moves for a preliminary injunction against the defendants to enjoin their alleged illegal acts and course of conduct in attempting to set up a “ complaint table ’ ’ in the public hallway of the George Washington High School. The moving papers set forth that the defendants are a group of parents who insist upon manning the table without any supervision or interference by the school authorities. It is alleged that the physical presence of the said table brought about increased disruption of normal school functions and riotous conditions culminating in considerable property damage to an organ, to two pianos and to an asbestos curtain.
The papers in opposition and those in support of a cross motion, seek, in effect, to justify and to mandate the physical presence of the table in the hallway, and to enjoin interference from the principal, teachers, and other personnel in the school. These papers point to problems of individual students to which no heed was given and also allege ineffectual and incompetent administration by the school authorities. They argue that these were the cogent reasons that precipitated the action of this group of parents in insisting and persisting upon having a table. The purpose of the table, they say, was twofold: (1) to screen intruders, and (2) to permit students to channel their individual problems through this unilateral “ board ” to the proper administrative authorities.
*935 The actions of these parents, sincerely grounded as they may be, cannot be condoned by this court. Section 2554 of the Education Law extensively sets out the plaintiff’s responsibilities giving it exclusive authority in the administration of the school. The continued persistence of these unauthorized defendants to impose their judgment on the operation of the school cannot be sanctioned. George Washington High School has a school body of about 4,000 students, and so, the interference with, and the interruption of, the educational process do not inure to the benefit of the students in whose interest the defendants allegedly base their actions.
The plaintiff has sufficiently shown facts that warrant the intervention of this court in a most serious situation. The closing of the school and the disruptive results from the presence of the table, affect the entire student body. The school administration is completely disrupted and brought to a standstill by the refusal of these defendants to permit the duly constituted authority, acting through the school principal, to discharge its statutory obligations. Upon this presentment the court is constrained to grant the motion for a temporary injunction. The cross motion is in all respects denied and the third-party plaintiff’s complaint is dismissed.